**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| TSTONE IP, LLC, | |
| Plaintiff, | Case No. |
| v. | **JURY TRIAL DEMANDED** |
| ZOOM COMMUNICATIONS, INC., | |
| Defendant. | |

**COMPLAINT FOR PATENT INFRINGEMENT**

This is an action for patent infringement arising under the Patent Laws of the United States of America, 35 U.S.C. § 1 *et seq.*, in which Plaintiff Tstone IP LLC ("Tstone" or "Plaintiff") files this Complaint for Patent Infringement and Demand for Jury Trial against Zoom Communications Inc. ("Zoom" or "Defendant") and alleges:

<u>**INTRODUCTION AND PARTIES**</u>

1.      This complaint arises from Defendant's unlawful infringement of the following United States patents, which generally relate to interactive video transmission systems and the management of such systems: U.S. Patent No. 8,909,826 (the "'826 Patent") and U.S. Patent No. 9,787,729 (the "'729 Patent") (collectively the "Asserted Patents"). Tstone owns each of the Asserted Patents and holds all enforcement rights. Tstone also has the right to recover all damages for past, present, and future infringement of the Asserted Patents and to seek injunctive relief as appropriate under the law.

2.      Tstone is a corporation organized and existing under the laws of the state of Texas with a principal place of business at 17304 Prestone RD, Suite 800 RMB 0677 Dallas, TX 75252.

3.      On information and belief, Zoom Communications Inc. is a Delaware corporation with its headquarters and principal place of business at 55 Almaden Blvd, Suite 600, San Jose, CA 95113.

## JURISDICTION AND VENUE

4.      This action arises under the patent laws of the United States, Title 35 of the United States Code. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

5.      This Court has personal jurisdiction over Defendant in this action because Defendant is incorporated under the laws of the state of Delaware, has committed acts within this District giving rise to this action, and has established minimum contacts with this forum such that the exercise of jurisdiction over Defendant would not offend traditional notions of fair play and substantial justice. Defendant, directly and through subsidiaries or intermediaries, has committed and continues to commit acts of infringement in this District by, among other things, using, offering to sell, and selling products and services that infringe the '826 Patent and the '729 Patent.

6.      Venue is proper in this District because Defendant is incorporated under the laws of the State of Delaware.

## ACCUSED INSTRUMENTALITIES

7.      As used herein, "Zoom's Accused Instrumentalities" or "Accused Instrumentalities" includes without limitation the servers, relays, computers, and other infrastructure used to operate Zoom "One Platform" including Zoom meetings and webinars and Zoom "One Platform" itself.

8.      Zoom describes its offering as "One platform" that provides a variety ways for teams to work together, principally through Zoom meetings but also with chat, phone, calendars,

document sharing, whiteboards, and other "productivity" offerings.1 Zoom's primary offering under its "One Platform" is Zoom Meetings. Zoom meetings "[b]ring teams together with video conferencing," letting distant team members talks face to face, share their screens, and even share a common workplace like with whiteboard or a shared document.2

9.    Zoom offers different levels or qualities of service at different price points, allowing for higher quality video or longer meetings with more participants.3 A user or organization can assign and remove these licenses to better manage their quality of service.4 Zoom will recognize a user's license based on their user information to be able to provide them with the appropriate quality of service.

10.    These different features and implementations of Zoom's "One Platform" infringe the Asserted Patents.

## COUNT I

## INFRINGEMENT OF U.S. PATENT NO. 8,909,826

11.    Plaintiffs reallege and incorporate by reference the foregoing paragraphs as if fully set forth herein.

12.    On December 9, 2014, the United States Patent and Trademark Office duly and legally issued U.S. Patent No. 8,909,826 (the "'826 Patent") entitled "System and method for extending user-interface, and storage medium storing the same." The '826 Patent generally relates

---

[1] https://www.zoom.com/
[2] https://www.zoom.com/en/products/virtual-meetings/?ampDeviceId=3cb009ed-0450-40e6-a5d7-2a8990456271&ampSessionId=1765575732741
[3] https://zoom.us/pricing?ampDeviceId=3cb009ed-0450-40e6-a5d7-2a8990456271&ampSessionId=1765575732741&_ics=1765576298473&irclickid=%7E7c807Y1Y1S0Z0YOVXYNVLCDBIzEFzqywDuArsijied531YXQLHEv&_gl=1*trhnk3*_gcl_au*MjA2ODg5ODY3My4xNzY0OTUyNDI5*_ga*MTE1ODQ1Nzc3My4xNzY0OTUyNjU0*_ga_L8TBF28DDX*czE3NjU1NzU3MzIkbzEwJGcxJHQxNzY1NTc2Mjk4JGo2MCRsMCRoMA..
[4] https://support.zoom.com/hc/en/article?id=zm_kb&sysparm_article=KB0064911

to technology for extending a user interface to user devices or terminals for remote collaboration. The technology described in the '826 Patent was developed by Ju Young Park, Do Young Kim, and In Seon Jang of the Electronics and Telecommunications Research Institute. A true and correct copy of the '826 Patent is attached hereto as Exhibit 1.

13.    On information and belief, Defendant makes, uses, offers for sale, sells, and/or imports the Accused Instrumentalities (Zoom's One Platform including Zoom meetings and webinar) that directly infringe, literally and/or under the doctrine of equivalents, one or more method claims of the '826 patent.

14.    Defendant, though the Accused Instrumentalities, performs all claim limitations of one or more method claims of the '826 patent. A claim chart comparing independent method claim 10 of the '826 patent Defendant's infringing activity is attached as Exhibit 2, which is hereby incorporated by reference in its entirety.

15.    By making, using, offering for sale, selling and/or importing into the United States the Accused Instrumentalities, Defendant has injured Plaintiffs and is liable for infringement of the '826 patent pursuant to 35 U.S.C. § 271.

16.    As a result of Defendant's infringement of the '826 patent, Plaintiffs are entitled to monetary damages in an amount adequate to compensate for Defendant's infringement, but in no event less than a reasonable royalty for the use made of the invention by Defendant, together with interest and costs as fixed by the Court.

17.    Plaintiffs are entitled to past damages for Defendant's infringement of the '826 patent. 35 U.S.C. § 287 does not apply to this case because Plaintiffs have only asserted method claims of the '826 patent and there are no practicing unmarked articles.

## COUNT II

## INFRINGEMENT OF U.S. PATENT NO. 9,787,729

18.     Plaintiffs reallege and incorporate by reference the foregoing paragraphs as if fully set forth herein.

19.     On October 10, 2017, the United States Patent and Trademark Office duly and legally issued U.S. Patent No. 9,787,729 (the "'729 Patent") entitled "Apparatus, system, and method of controlling data transmission, and recording medium." The '729 Patent generally relates to technology for managing the quality of service in data transmission between transmission terminals. The technology described in the '729 Patent was developed by Takeshi Horiuchi and Takahiro Asai of Ricoh Co Ltd. A true and correct copy of the '729 Patent is attached hereto as Exhibit 3.

20.     On information and belief, Defendant makes, uses, offers for sale, sells, and/or imports the Accused Instrumentalities (Zoom's One Platform including Zoom meetings and webinar) that directly infringe, literally and/or under the doctrine of equivalents, one or more method claims of the '729 patent.

21.     Defendant, though the Accused Instrumentalities, performs all claim limitations of one or more method claims of the '729 patent. A claim chart comparing independent method claim 10 of the '729 patent Defendant's infringing activity is attached as Exhibit 4, which is hereby incorporated by reference in its entirety.

22.     By making, using, offering for sale, selling and/or importing into the United States the Accused Instrumentalities, Defendant has injured Plaintiffs and is liable for infringement of the '729 patent pursuant to 35 U.S.C. § 271.

23.     As a result of Defendant's infringement of the '729 patent, Plaintiffs are entitled to monetary damages in an amount adequate to compensate for Defendant's infringement, but in no

event less than a reasonable royalty for the use made of the invention by Defendant, together with interest and costs as fixed by the Court.

24.    Plaintiffs are entitled to past damages for Defendant's infringement of the '729 patent. 35 U.S.C. § 287 does not apply to this case because Plaintiffs have only asserted method claims of the '729 patent.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court enter:

a.    A judgment in favor of Plaintiffs that Defendant has directly infringed the Asserted Patents, either literally and/or under the doctrine of equivalents;

b.    A permanent injunction prohibiting Defendant from further acts of infringement of the Asserted Patents;

c.    A judgment and order requiring Defendant to pay Plaintiffs their damages, costs, expenses, and pre-judgment and post-judgment interest for Defendant's infringement of the Asserted Patents;

d.    A judgment and order requiring Defendant to provide an accounting and to pay supplemental damages to Plaintiffs, including without limitation, pre-judgment and post-judgment interest;

e.    A judgment and order finding that this is an exceptional case within the meaning of 35 U.S.C. § 285 and awarding to Plaintiffs their reasonable attorneys' fees against Defendant; and

f.    Any and all other relief as the Court may deem appropriate and just under the circumstances.

## DEMAND FOR JURY TRIAL

Plaintiffs, under Rule 38 of the Federal Rules of Civil Procedure, request a trial by jury of any issues so triable by right.

Dated: February 20, 2026

Of Counsel:

Benjamin T. Wang
Andrew D. Weiss
Joshua Scheufler
RUSS AUGUST & KABAT
12424 Wilshire Boulevard, 12th Floor
Los Angeles, CA  90025
Telephone: 310-826-7474
bwang@raklaw.com
aweiss@raklaw.com
jscheufler@raklaw.com

Respectfully submitted,

FARNAN LLP

/s/ Michael J. Farnan
Brian E. Farnan (Bar. No. 4089)
Michael J. Farnan (Bar No. 5165)
919 North Market Street, 12th Floor
Wilmington, DE 19801
Telephone: (302) 777-0300
Facsimile: (302) 777-0301
bfarnan@farnanlaw.com
mfarnan@farnanlaw.com

*Attorneys for Plaintiff Tstone IP LLC.*