**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| TSTONE IP, LLC,<br><br>Plaintiff,<br><br>v.<br><br>ZOOM COMMUNICATIONS, INC.,<br><br>Defendant. | C.A. No. 26-188-JLH |

**MEMORANDUM ORDER**

Pending before the Court is Defendant Zoom Communications, Inc.'s ("Zoom" or "Defendant") Motion to Transfer to the Northern District of California ("Motion"). (D.I. 32.) The Motion has been fully briefed. (D.I. 33, 51, 65.) For the reasons below, the Motion is DENIED.

1. Section 1404(a) of Title 28 provides (in pertinent part) that, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought . . . ." 28 U.S.C. § 1404(a). In evaluating a motion to transfer, the Court must first determine whether the case could have been brought in the district to which the movant wishes to transfer. *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 878 (3d Cir. 1995). If so, the Court then considers the non-exclusive list of twelve factors set forth in *Jumara* in determining whether to transfer. Six of those interests are private in nature:

> [1] plaintiff's forum preference as manifested in the original choice; [2] the defendant's preference; [3] whether the claim arose elsewhere; [4] the convenience of the parties as indicated by their relative physical and financial condition; [5] the convenience of the witnesses—but only to the extent that the witnesses may actually be unavailable for trial in one of the fora; and [6] the location of books and records (similarly limited to the extent that the files could not be produced in the alternative forum).

*Id.* at 879 (internal citations omitted). The other six are public in nature:

> [7] the enforceability of the judgment; [8] practical considerations that could make the trial easy, expeditious, or inexpensive; [9] the relative administrative difficulty in the two fora resulting from court congestion; [10] the local interest in deciding local controversies at home; [11] the public policies of the fora; and [12] the familiarity of the trial judge with the applicable state law in diversity cases.

*Id.* at 879–80 (internal citations omitted). With respect to factor [1], "[i]t is black letter law that a plaintiff's choice of a proper forum is a paramount consideration in any determination of a transfer request" and its choice "should not be lightly disturbed." *Shutte v. Armco Steel Corp.*, 431 F.2d 22, 25 (3d Cir. 1970); *see also Jumara*, 55 F.3d at 879 (explaining that the plaintiff's choice of venue "should not be lightly disturbed" (citations omitted)).

2. The parties do not dispute that this action could have been brought in the Northern District of California, which is where Defendant has its principal place of business. (D.I. 33 at 9.) While Defendant claims it "has no meaningful tie to Delaware," it is uncontested that Defendant is a Delaware entity and has been since its founding in 2011. (D.I. 33 at 5; D.I. 51 at 4.)

3. *Jumara* factor [1] strongly weighs against transfer. *Shutte*, 431 F.2d at 255; *Jumara*, 55 F.3d at 879; *Ricoh Co., Ltd. v. Zoom Commc'ns, Inc.*, No. 25-1095-JCG, 2026 WL 3082685, at *2–3 (D. Del. Oct. 15, 2026). But the Court does not consider this factor as dispositive. *In re Link_A_Media Devices Corp.*, 662 F.3d 1221, 1223 (Fed. Cir. 2011) ("The mere fact that Delaware is the plaintiffs' choice of forum and the defendants' state of incorporation will not, standing alone, prevent this Court from transferring this suit to another forum." (cleaned up)); *see also Blackbird Tech LLC v. E.L.F. Beauty, Inc.*, No. 19-1150-CFC, 2020 WL 2113528, at *3 (D. Del. May 4, 2020). Factor [2] weighs in favor of transfer, as Defendant prefers to litigate in California. Factor [3] slightly favors transfer. While the infringement is alleged to occur nationwide, the record

reflects that at least some of the allegedly infringing functionality was developed by Defendant in California and China. (D.I. 33 at 12–13.) *See Ricoh Co.,* 2026 WL 3082685, at *3 (concluding that factor [3] weighed "slightly in favor of transfer" out of Delaware where the defendant developed the accused products in California and China). I treat factor [4] as neutral. On the one hand, Defendant chose to incorporate in Delaware, suggesting that it would be convenient for it to litigate here. Defendant is a very large company, and it has not identified any unique burden if litigation continues here. On the other hand, neither party is physically located in Delaware, and Defendant's principal place of business is in California. Relevant books and records are in California (D.I. 33 at 17), and even though they can be produced in Delaware, I'll assume factor [6] weighs in favor of transfer, but only very slightly.

4. As for Factors [5] and [8], Defendant has identified a number of non-party witnesses, including the named inventors of the asserted patents and various inventors of identified prior art, who either live within the subpoena power of the Northern District of California or may find it more convenient to travel to California rather than Delaware. (D.I. 33 at 15–17.) Plaintiff, for its part, has not identified any witnesses in Delaware. (*See* D.I. 51 at 12–15.) But at this stage of the proceeding, what role, if any, the identified non-party witnesses may have at some future trial is purely hypothetical. *See Round Rock Rsch., LLC v. Dell, Inc.*, 904 F. Supp. 2d 374, 377 (D. Del. 2012) (denying motion to transfer and noting that "inventor testimony is likely to be of marginal significance to the outcome of a trial."); *Mitel Networks Corp. v. Facebook, Inc.*, 943 F. Supp. 2d 463, 473 (D. Del. 2013) ("[The] selective identification of potentially relevant third-party witnesses [is] unpersuasive and, in fact, arguably disingenuous.").[1] For the sake of argument, I

[1] Defendant has identified three prior art references that it argues will be "key" to its invalidity case. (D.I. 33 at 6–8, 15–16.) None of the 25 named inventors listed across those prior art references are located in Delaware, but Defendant represents that at least 21 are within the

will assume factors [5] and [8] slightly favor transfer. Factors [7], [9], [10], and [11] are neutral. As this is a patent case arising under federal law, factor [12] has no role in the analysis.

5. Having fully considered the relevant factors, I conclude that Plaintiff's choice to file suit in Delaware should not be disturbed. The Court will exercise its discretion to deny Defendant's Motion.

6. The Court has also reviewed Plaintiff's discovery motion (D.I. 53) and the related letters (D.I. 70, 71). Plaintiff represented during the teleconference on October 19, 2026, that the requested discovery is only relevant to opposing Defendant's transfer motion. As Defendant's motion to transfer is denied, Plaintiff's request for additional discovery will also be denied.

Dated: October 19, 2026

The Honorable Jennifer L. Hall
UNITED STATES DISTRICT JUDGE

---

subpoena power of the Northern District of California. (*Id.* at 6–8.) Those facts have limited persuasive value given that (1) Defendant has not suggested that it will limit itself to those references in its proofs at trial, *see* D.I. 34-1, Ex. 9 at 1 ("The prior art references identified herein are offered in connection with Zoom's motion to transfer venue and are preliminary and illustrative in nature . . . . Zoom expressly reserves . . . the right to identify additional prior art references, assert additional invalidity grounds, and modify or supplement any characterization of the references identified herein."); (2) The "key" references are prior art patents, and what the inventors of those patents may think about what their own patents disclose to a POSA is of limited relevance, *see Round Rock Rsch.*, 904 F. Supp. 2d at 377, nor does Defendant suggest that any of the identified inventors have material information that cannot be gleamed from the prior art patents themselves; (3) it is unclear that any individual prior art inventor would be called at trial, much less 21 of them; and (4) even if the prior art inventors' testimony has some relevance, there is no reason to think their deposition testimony would not suffice. (The Court notes the irony of Zoom's claim that "there is no substitute for live testimony . . . ." (D.I. 65 at 8.))